# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:17 CR 105

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **LISHA NICOLE MINOR,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

Pending before the Court is a Violation Report [# 11] filed by the United States Probation Office alleging that Defendant had violated terms and conditions of her pretrial release. At the call of this matter on for hearing it appeared Defendant was present with her counsel, Theodore Besen, and the Government was present through AUSA John Pritchard. From the evidence offered and from the statements of the Assistant United States Attorney and the attorney for Defendant, and the records in this cause, the Court makes the following findings.

**Findings**: At the call of the matter, the Defendant, by and through her attorney, denied the allegation contained in the Violation Report. The government then presented testimony through United States Probation Officer, Elizabeth Cullen.

The Defendant was charged in a bill of indictment filed on August 16, 2017 with: destruction of property and aiding and abetting in the commission of such an

offense, in violation of 18 U.S.C. §§ 1363, 2; taking with intent to steal property and aiding and abetting in the commission of such an offense, in violation of 18 U.S.C. §§ 661, 2; and possession of methamphetamine, in violation of 21 U.S.C. § 844(a).

On August 25, 2017, the undersigned entered an Order [# 5] releasing Defendant on terms and conditions of pretrial release which included the following:

(1)   The defendant must not violate any federal, state or local law while on release;

(8)(p)  refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. §802, unless prescribed by a licensed medical practitioner.

On September 20, 2017, Defendant admitted to Probation Officer Cullen that she had used marijuana on September 14, 2017.  [# 11]

**Discussion**.  18 U.S.C. § 3148(b)(1) provides as follows: The judicial officer shall enter an order of revocation and detention if, after a hearing, the judicial officer

-----

> (1)   finds that there is----
>      (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release; or
>      (B) clear and convincing evidence that the person has violated any other condition of release; and
> (2)   finds that ---
>      (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that

      the person will not flee or pose a danger to the safety of any other person or the community; or

      (B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.

Based upon the evidence, the Court finds there is probable cause to believe that Defendant has committed a federal and state crime while on release. The possession and consumption of marijuana is a misdemeanor under federal law, 21 U.S.C. § 844 and at least a misdemeanor under state law, N.C.G.S. § 90-95(a)(3).

There has further been shown by clear and convincing evidence that Defendant violated the condition of release that ordered her to refrain from use or unlawful possession of a narcotic drug unless it was prescribed by a license medical practitioner. Defendant has clearly violated this condition by using marijuana—a drug which is not prescribed by a licensed medical practitioner.

Due to the findings made above and also considering the factors as set forth under 18 U.S.C. § 3142(g), it appears there is no condition or combination of conditions of release that will assure that Defendant will not pose a danger to the safety of any other person or the community. It is the opinion of the Court that, based upon Defendant's actions, it is unlikely that Defendant will abide by any

condition or combination of conditions of release.

As a result of the above referenced findings, the Court has determined to enter an order of revocation revoking the unsecured bond and the terms of pretrial release previously issued in this matter and entering an order detaining Defendant.

**ORDER**

**IT IS, THEREFORE**, **ORDERED** that the unsecured bond [# 6] and terms and conditions of pretrial release [# 5] entered in this matter are hereby **REVOKED** and it is **ORDERED** that Defendant be detained pending further proceedings in this matter.

Signed: October 20, 2017

Dennis L. Howell
United States Magistrate Judge